[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Manhattan, New York on June 3, 1977. The plaintiff has resided continuously in this state for approximately ten years. There are two children issue of the marriage, Sarah, born March 1, 1980 and Amanda, born May 22, 1985. The evidence reveals that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 49, holds a responsible job with the New York State Department of Health. She has also been a devoted mother and homemaker during the marriage. CT Page 4225-K
The defendant, also age 49, has worked as a pharmacist and teacher. He suffers from bipolar disorder and other physical ailments that prevent him from working on a regular basis.
The court finds that the defendant's medical problems played a major role in the behavior of the defendant causing the marriage relationship to disintegrate and eventually break down.
In view of the parties being unable to agree on the issues of custody and visitation, the court orders a study by the Family Services Unit of the Superior Court. Therefore, these issues will be resolved at a future hearing. Until then, legal and physical custody of the two minor children is awarded to the plaintiff, pendente lite. The defendant shall have visitation on a schedule agreed to by the parties. If necessary, Family Services Unit shall assist the parties in formulating a pendente lite visitation schedule.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82 and 46b-62
in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) In accordance with the child support guidelines, the defendant currently earns insufficient income to be able to contribute to the support of his two minor daughters. Therefore, no order of child support is made at this time.
(2) The plaintiff shall pay to the defendant, as periodic alimony the sum of two hundred ($200) dollars per week. The payments shall commence on June 3, 1996, and weekly, therefore, in advance, until the death of either party or the defendant's remarriage, whichever event first occurs. A contingent wage withholding order may enter.
(3) The plaintiff is awarded the marital residence located at 5 Rolling Lane, Norwalk, Connecticut subject to the outstanding mortgage. The plaintiff shall indemnify and hold harmless the defendant from any liability thereon.
(4) The plaintiff shall retain her 457 — Copeland plan and her New York State Employee's Retirement System Pension. Also, the plaintiff shall retain the remainder of the assets listed on her financial affidavit. CT Page 4225-L
(5) The defendant shall retain his automobile.
(6) The plaintiff shall pay to the defendant as an assignment of property the sum of twelve thousand ($12,000) dollars. This payment shall be promptly made.
(7) The plaintiff shall retain full responsibility for the following debts and shall hold the defendant harmless thereon: Express, Sears, Discover, Limited, Mastercard and Citibank charge cards, Dime Savings Bank Mortgage, Chrysler First Financial Service Corp. loan and the debt to Sylvia Zweiman.
(8) The defendant shall retain full responsibility for all the debts listed on his financial affidavit and hold the plaintiff harmless thereon. The debts include those itemized on the schedule attached to the financial affidavit and those itemized in paragraph 9 of the defendant's proposed orders dated May 7, 1996.
(9) The defendant is awarded the items of personal property listed in paragraph 11 of his proposed orders. If any disputes arise between the parties as to the exact items included in this order, they shall seek the assistance of the Family Services Unit. The court reserves jurisdiction to make any ultimate decisions required to settle any disputes.
(10) The plaintiff shall receive the remainder of the household furnishings not awarded to the defendant.
(11) The plaintiff shall continue to maintain the minor children on her health insurance plan. Whenever the defendant obtains employment permitting him to contribute to the support of the children, the plaintiff may request a contribution towards unreimbursed medical expenses of the children.
(12) The plaintiff shall cooperate with the defendant to convert coverage under the plaintiff's health insurance policy for the defendant's benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the defendant's sole expense.
(13) The plaintiff shall designate the defendant as beneficiary of $100,000 life insurance for as long as the plaintiff is obligated to pay periodic alimony to the defendant. The plaintiff CT Page 4225-M shall authorize her insurance carrier to notify the defendant of the insurance coverage.
(14) The plaintiff shall designate the minor children as beneficiaries of any remaining life insurance the plaintiff holds through her employment until the children reach their majorities. The defendant shall designate the minor children as the beneficiaries of his life insurance policy, if the plaintiff wishes to continue the payment of the premiums.
(15) Each party shall pay her and his own attorney's fees.
(16) The plaintiff's maiden name of Zweiman is ordered restored.
Judgment may enter accordingly.
NOVACK, J.